IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN KEITH MILSTEAD, #383435,<br>Plaintiff, | )<br>)<br>) Case No. 1:12-0019<br>) |
| v. | )<br>)<br>) Judge Campbell<br>) Magistrate Judge Bryant |
| RHONDA D. HOLLY, et al.,<br>Defendant | )<br>) |

To: The Honorable Todd J. Campbell, District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

By Order entered February 8, 2012 (Docket Entry No. 4), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motions.

Plaintiff, Brian Keith Milstead, an inmate housed at the South Central Correctional Facility, in Clifton, TN, filed this *pro se* action *in forma pauperis* under 42 U.S.C § 1983 (Docket Entry No. 2). The plaintiff names Derrick Schofield, TDOC Commissioner, among others, as defendants. Specifically, the plaintiff alleges that defendant Schofield denied the plaintiff "the right to have legal action taken on the guy" (presumably another inmate) who allegedly raped plaintiff. (Docket Entry No. 1). The plaintiff seeks money damages from

defendant Schofield. On April 12, 2012, defendant filed a motion to dismiss plaintiff's complaint against him. (Docket Entry No. 28).

As further explained below, the undersigned recommends that defendant's motion to dismiss for failure to state a claim be GRANTED.

## II. Factual Background

The plaintiff is an inmate at the South Central Correctional Facility in Clifton, TN. (Docket Entry No. 1) On February 6, 2012, he filed a complaint alleging a violation of his civil rights among other causes of action. Id. Reduced to the essentials, plaintiff claims that he was denied medical treatment for seven years; prison officials jeopardized his safety which lead to his being raped; and his "stuff" was stolen from him. Id.

With respect to the moving defendant, plaintiff alleges that Derrick Schofield "denied me the right to have legal action taken on the guy when I was raped." Id. at 7. The plaintiff does not identify the capacity in which the defendant has been sued.

## III. Legal Conclusions

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, accepting all well-plead factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although Fed. R. Civ. P. 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the

claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough to ensure that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. At 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). Nevertheless, the court need not accept legal conclusions or unwarranted factual inferences as true, Iqbal, 556 U.S. at 677-78; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987), and a complaint containing mere legal conclusions alone will "not unlock the doors of discovery for a plaintiff." Iqbal, 556 U.S. at 678. While a pro se complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" must still be met. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

B. Analysis of Defendant's Motion

Defendant seeks dismissal of plaintiff's complaint against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which can be granted. Specifically, the defendant asserts that the Eleventh Amendment bars suits for money damages against a state official sued in his official capacity, and that the plaintiff's conclusory allegations fail to establish sufficient personal involvement by defendant Schofield to support a claim against him in his

individual capacity. As further explained below, the undersigned agrees that plaintiff has failed to state a claim upon which relief may be granted against defendant Schofield.

The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.

The Eleventh Amendment is understood to stand not so much for what it says but for the presupposition which it confirms. Blatchford v. Native Village of Noatak, 501 U.S. 775, 779 (1991). The presupposition has two parts: 1) that each state is a sovereign entity in our federal system, and 2) it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without consent. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996) (citing Hans v. Louisiana, 134 U.S. 1, 13 (1890)).

A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Brandon v. Holt, 469 U.S. 464, 471 (1985). This is no different from a suit against the state itself. Will, 491 U.S. at 71; Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The Supreme Court has held that the Eleventh Amendment bars § 1983 suits against a state and against state employees sued in their official capacities, unless the state has waived its immunity, or unless Congress has overridden the state's immunity under Section 5 of the Fourteenth Amendment. Will, 491 U.S. at 66. The Sixth Circuit requires that plaintiffs set

4

forth clearly in their pleading that they are suing state defendants in their individual capacity for damages, and not simply in their capacity as state officials. Wells v. Brown, 891 F.2d 591, 593 (6th Cir. 1989). If a plaintiff has not explicitly stated in his pleadings that the claim is against the defendant in his or her individual capacity, the Sixth Circuit Court of Appeals will use the "course of proceedings test" in order to determine whether defendants have received notice of the plaintiff's intent to hold them personally liable. Shepherd v. Wellman, 313 F.3d 963, 967-68 (6th Cir. 2002); Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001). Under this test, failure to affirmatively state that a defendant is sued in his "individual capacity" is not fatal to the claim where "the course of proceedings otherwise indicates that the defendant received sufficient notice." Moore, 272 F.3d at 772. "The course of proceedings test considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." Id. at 772 n.1. If there is no indication that a defendant is being sued individually, the court must assume that the defendant is being sued in his or her official capacity. Whittington v. Milby, 928 F.2d 188, 193 (6th Cir. 1991) (citing Wells v. Brown, supra).

In this case, plaintiff's complaint does not specify the capacity in which the defendant was sued. The plaintiff refers to the defendant in the complaint by his official title, as "Tennessee Department Correction Commissioner Derrick Schofield" (Docket Entry No. 1 at

5

7), and has failed to state that the defendant acted outside of his official capacity. The claim against defendant Schofield is mentioned in only one sentence of the complaint. Under the course of proceedings test, there is no indication that the defendant has received sufficient, or any, notice of the plaintiff's intent to hold him personally liable. It is unclear if the defendant is being sued individually, and this court must therefore assume that the defendant is being sued in his official capacity. Since a suit against a state official in his official capacity is equivalent to a suit against the state, the Eleventh Amendment bars this claim for money damages against defendant Schofield. Moreover, even if plaintiff explicitly sued defendant Schofield in his individual capacity, persons sued individually under section 1983 can be held liable based only upon their own unconstitutional behavior. Heyerman v. County of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012). Liability cannot be based upon respondeat superior, or the right to control employees. Hays v. Jefferson County, 668 F.2d 869, 872 (6th Cir. 1982). The plaintiff has not alleged enough facts against the defendant to plausibly claim otherwise and withstand the motion under Fed. R. Civ. P. 12(b)(6). Accordingly, the case against defendant Schofield must be dismissed.

## IV. Recommendation

For the reasons stated herein, the undersigned hereby recommends that defendant Schofield's motion to dismiss for failure to state a claim be GRANTED.

Any party has fourteen days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said

objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 27th day of November, 2012.

<u>s/John S. Bryant</u>
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE