UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

BRIAN KEITH MILSTEAD,            )
                                 )
     Plaintiff                   )
                                 )
          v.                     )   NO.  1:12-0019
                                 )   Judge Campbell/Bryant
RHONDA D. HOLLY, *et al.*,       )   Jury Demand
                                 )
     Defendants                  )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

Pending in this case is the motion for summary judgment filed on behalf of defendants Hininger, Holly, Walls, Collins, Rochelaau, Jackson, Sloan, Brewer, Lambert, Benson, Cogswell, Brantley, Stewart (Docket Entry No. 107). Plaintiff Milstead, a prisoner proceeding *pro se* and *in forma pauperis*, has not responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' Motion for Summary Judgment be granted, and that the complaint against the moving defendants be dismissed with prejudice.

### Statement of the Case

Plaintiff Milstead has filed this civil rights action pursuant to 42 U.S.C. Section 1983 alleging that the multiple defendants have violated his constitutional rights under the Eighth Amendment while he was confined as a prisoner at the South Central Correction Facility ("SCCF") in Clifton, Tennessee. Although the complaint contains scant facts, plaintiff alleges that defendants

"have denied me medical treatment for seven years." (Docket Entry No. 1 at 5). The complaint further alleges that defendants "violated my right to mental health and the right to the mental health program and the safety of the pod when they put me out on the compound and got me raped and got my stuff stolen from me." (Id. at 7). The complaint further alleges that defendant Hininger, identified as the Chief Executive Officer of Corrections Corporation of America, "denied me help on my right to feel safe." (Id.). Finally, the complaint alleges that defendants Brantley and Sloan "denied me my right to my supper and my medication." The moving Defendants filed an answer denying liability and asserting certain affirmative defenses (Docket Entry No. 12).

The defendants listed above have now filed their motion for summary judgment, supported by a memorandum of law, a statement of undisputed facts, and the declarations of Arvil Chapman, Mark Collins, Wendy Ashe, William R.C. Stewart, and Jason Strawn (Docket Entry Nos. 107-1 thru 7).

As stated above, plaintiff Milstead has filed no response in opposition. Nevertheless, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion for summary judgment to insure that he has discharged that burden. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

**Standard of Review**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson,

477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **Analysis**

*Deliberate indifference to plaintiff's serious medical needs*. In largely conclusory allegations almost wholly devoid of facts, plaintiff Milstead has alleged that defendants "have denied me medical treatment for seven years" and "violated my right to mental health help and the right to the mental health program."

Deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A claim of deliberate indifference has both an objective and subjective component. A plaintiff must show that he had a "sufficiently serious" medical need, and he must also prove that the prison officials were subjectively aware of the medical need and consciously disregarded the risk of harm that inaction on their part would create. Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994).

To satisfy the objective component the plaintiff must allege that he has a "sufficiently serious" medical need, which has been defined as one that has been diagnosed by a physician as

4

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo County, 390 F.3d 890, 897 (6th Cir. 2004).

For the subjective component, the plaintiff must demonstrate that the defendants had a sufficiently culpable state of mind; that is, that the defendants acted with "deliberate indifference to the plaintiff's serious medical need." Farmer, 511 U.S. at 834. The plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts to prevent the constitutionalization of medical malpractice claims. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001). Moreover, federal courts are generally reluctant to second guess medical judgment and constitutionalize claims which sound in state court law. Westlake v. Lucas, 537 F.2d 857, 860 at n. 5 (6th Cir. 1976).

In support of their motion for summary judgment, defendants have filed 45 pages of medical records for plaintiff Milstead generated during his confinement at SCCF from February 2011 until June 2012 (Docket Entry No. 107-3). In addition, Defendants have filed 50 pages of mental health records on plaintiff generated at SCCF during the same period of confinement (Docket Entry No. 107-2). These medical and mental health records demonstrate that plaintiff Milstead has received both medical and

mental health treatment at SCCF for a multitude of different medical and mental health complaints, both before and after the August 22, 2011, rape of plaintiff alleged in his complaint. From these records and the supporting declarations filed by defendants in support of their motion for summary judgement, all of which are undisputed, the undersigned Magistrate Judge finds that there is no genuine issue of material fact for trial on plaintiff's claim of deliberate indifference to his serious medical and mental health needs while at SCCF.

<u>Deliberate indifference to a substantial risk of harm to plaintiff's physical safety</u>. As mentioned above, plaintiff in his complaint has alleged that defendants violated his right to "the safety of the pod when they put me out on the compound and got me raped" and that defendant Hininger, as Chief Executive Officer of Corrections Corporation of America, "denied me help on my right to feel safe." (Docket Entry No. 1 at 7).

The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. <u>Farmer</u> at 511 U.S. 847. In determining whether defendants have violated plaintiff Milstead's Eighth Amendment right by failing to protect him from a physical assault by a fellow inmate, the applicable legal standard is "whether defendants' conduct amounted to a 'deliberate indifference' to a risk of injury to the plaintiff." <u>Roland v. Johnson</u>, 856 F.2d 764, 769 (6th Cir. 1988).

In defining "deliberate indifference," the Supreme Court has explained that while an "express intent to inflict unnecessary pain is not required, . . . [i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments clause." Whitley v. Albers, 475 U.S. 312, 319 (1986).

The declaration testimony of Arvil Chapman, Warden of the SCCF, establishes that at all times pertinent SCCF had in place a written policy concerning the providing of protective services for inmates who were at risk of physical harm from other inmates (Docket Entry No. 107-1). According to this declaration, whenever relevant, credible, concrete information is received that an inmate might be at risk of harm from another inmate, the at-risk inmate is notified and an inquiry into the potential risk is immediately commenced. If it is determined that the potential at-risk inmate requires immediate protective services, these services are provided and include cell relocation, restriction to the inmate's cell or segregation. This policy also provides that a list of incompatible inmates is maintained on an electronic database, and that reasonable steps are taken to segregate incompatible inmates from each other, even if these inmates are later transferred to another correctional facility. (Id.)

Defendants also have filed the declaration of Jason Strawn, a corrections officer employed by Corrections Corporation

of America at SCCF (Docket Entry No. 107-5).  According to the declaration testimony of Officer Strawn, he had a conversation with plaintiff Milstead on August 14, 2011, in which plaintiff claimed he was having "issues" with his cell mate.  At that time, plaintiff claimed that his cell mate had assaulted him.  Officer Strawn testified that he did not see any physical signs of violence or injury on plaintiff Milstead's person, although no medical examination was performed at that time.  From this absence of any sign of visible injury, Officer Strawn testified that he formed the opinion that plaintiff was not in physical danger from his cell mate.  Nevertheless, defendant Strawn testified that he offered plaintiff Milstead protective custody "four or five times," but that plaintiff Milstead refused these offers.

Warden Chapman further testified that there is no record of any protective services or request or inquiry concerning plaintiff Milstead before August 14, 2011.  Further, pursuant to SCCF policy, had any SCCF staff member received relevant, credible, concrete information from Milstead or any other source indicating that plaintiff Milstead was at risk of harm, an inquiry would have been performed.  Finally, Warden Chapman testified that immediately following the alleged incident on August 22, 2011, plaintiff Milstead was placed in protective custody at SCCF and remained there until his transfer from the facility in June 2012.

The foregoing testimony from Warden Chapman and Officer Strawn establishes that defendants were not deliberately indifferent to a substantial risk of physical harm to plaintiff Milstead. In the absence of any response by plaintiff, this testimony is undisputed in the record. From this evidence, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that defendants are entitled to judgment as a matter of law upon plaintiff Milstead's claim of deliberate indifference to a serious risk to plaintiff's physical safety.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that defendants' motion for summary judgment (Docket Entry No. 107) be GRANTED and the complaint DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

<u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 29th day of July 2013.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge